DANIEL W. GORMAN, ADM'R OF J. BARLOW, dec'd., Defendant in Error, *vs.* JAS. B. AUST AND WIFE, Plaintiffs in Error.

1. *Chancery—Jury may pass upon issues.*—In chancery cases the court may take the opinion of a jury on issues to be framed for that purpose.
2. *Practice, civil—Motion for new trial—What must be embraced in.—Semble,* that propositions of law or fact, not embraced in the motion for a new trial, will not be considered by the Supreme Court.

### *Error to Morgan Circuit Court.*

*A. W. Anthony,* for Plaintiffs in Error.

*Ross & Spurlock,* for Defendant in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action to enforce a vendor's lien for unpaid purchase money against real estate.

The parties seem to have treated it as an action at law, whereas, it was in the nature of a bill in chancery, and properly triable before the court; yet the case was submitted to a jury without objection by either party, and upon the evidence the jury found a verdict for the plaintiff, and the court afterwards made a decree or judgment for the amount found, and ordered the vendor's lien to be enforced. During the progress of the trial plaintiff read certain depositions, and, after they had been read, the defendants objected that the witnesses resided within forty miles of the place of trial.

This objection was overruled, and the defendants excepted.

The defendants filed a motion in arrest, which was overruled, and the bill of exceptions states that they filed a motion for a new trial, which was overruled; but there is no such motion in the bill of exceptions. The bill of exceptions also contained numerous instructions, given and refused, which it is unnecessary to recite. In chancery cases the court may take the opinion of a jury on issues to be framed for that purpose.

There was no objection raised by either party to the submission of this case to a jury, and therefore we must regard it

merely as being submitted for their opinion. There seems to be nothing in the case which can lead to a reversal. There was no motion for a new trial raising any questions that had been passed on, either in regard to the admissibility, or weight, of evidence, or any other question.

There is nothing in the motion in arrest. The petition stated a good cause of action, and upon the whole record, as it stands here, the judgment must be affirmed.

Judgment affirmed. The other judges concur.